UNITED LAND & INVESTMENT COMPANY, a Florida corporation, v. DOUGLAS BAKER, as Clerk of the Circuit Court in and for Indian River County, Florida, and J. M. LEE, as Comptroller of the State of Florida.

5 So. (2nd) 266                                    Division B
December 19, 1941

G. P. Garrett, for appellant.

J. Tom Watson, Attorney General, Lawrence A. Truett, Assistant Attorney General, and Tiffany Turnbull, Special Assistant Attorney General, for appellee.

THOMAS, J.:

It is the appellant's position, as shown by its bill of complaint which was dismissed for lack of equity, that under Section 4 of Chapter 18314, Laws of Florida, Acts of 1937, it has the right to the cancellation of certain tax certificates and to the refund of

the money paid to "purchase and redeem" them. The payments were made to the clerk of the circuit court in January and February, 1937, for taxes for the years 1932 to 1936, both inclusive.

The assessments and levies were claimed void because of errors and irregularities in the procedure in each year from the time of the preparation of the tax roll and fixation of valuations to the sale of the property for nonpayment of taxes.

In an amendment the plaintiff elaborated on these allegations and, in addition, narrated a transaction between it and purchasers of the property which presented the circumstances under which taxes were paid despite the invalidity charged to them. The lands were conveyed by warranty deed in 1936 and within a month afterwards the appellant sued to cancel the certificates. The buyers refused to await the outcome of that litigation and demanded payment of all unpaid taxes including those represented in the certificates, whereupon, the appellant acceded as appears from our analysis of the bill.

Under these alleged facts the appellant asserts that it "acquired the title to said tax certificates and became the holder thereof."

After the institution of the suit, in 1937, and before the commencement of this one Chapter 18314, supra, was enacted and it is specifically upon Section 4 of that Act that the appellant relies for recovery. Briefly, provision is made there for relief of the holder of a tax certificate which is void for any of the reasons enumerated therein and also set out in Section 1 and in the title of the Act. From a cursory examination of the title and those two sections it is clear that the remedy is available only to a *holder* and we shall

decide at the outset whether the appellant in the circumstances pleaded falls in that classification.

We may say that it is not entirely plain from the pleadings whether the purchasers, who became restive when it was attempted to litigate the validity of the tax, had then received a warranty deed or were insisting that the taxes be paid before consummation of the sale, however, as the pleader alleged that suit was filed "to satisfy said warranty of title" and that the impatient buyers insisted that the appellant "satisfy its said warranty of title" by "paying off said certificates," we will adopt the former interpretation.

. The taxes had been assessed for five distinct years and had remained unpaid. Not until after the sale and transfer was litigation instituted attacking the assessments and levies and then it was not pressed because of the purchasers' impatience and their demand that the lands conveyed to them be relieved of the tax liens. After commencement of the suit the taxes were paid "to satisfy the warranty" by one whose place it was to discharge them, originally as the owner, ultimately as the grantor in a warranty deed.

. Evidently, then, it was the purpose of the appellant in delivering to the clerk the amount required to lift the tax burden, to remove the cloud from the title and it is difficult to comprehend how that could have been accomplished if the appellant, having already conveyed its title, became the holder of the tax certificates instead of the payer of the taxes. If it became a holder the tax liens were still outstanding. If, on the contrary, it paid the taxes the certificates were cancelled and the tax lien was dispelled.

It would be illogical to hold at once that the payment made it a holder of certificates on land which it

at the moment did not own and that the liens were no longer clouds because they ceased to exist. These liens existed or they did not and if the appellant made the payment to the clerk to protect a warranty given the conclusion is inescapable that the intent was to satisfy them and when they were satisfied there could not have been a lienee.

By meeting its obligation the appellant did not become a holder as contemplated by Chapter 18314, supra, who could invoke the remedy provided in that Act. Appellant had the status of a taxpayer who had freed from the tax burden lands lately sold with title warranted.

It cannot be successfully urged that the appellant should be allowed recovery because he was faced with the necessity of paying the tax. There was no coercive effort being made by the taxing officials to collect the tax that appellant found it necessary or expedient to pursue the course it adopted in order to quell the impatience of his grantees did not place it in the category of those taxpayers who may recover an illegal tax paid under compulsion or duress. He could not both recognize and repudiate the debt.

Under all of the circumstances, as we understand them from the bill of complaint and the amendment, we are constrained to hold that the appellant was not a holder of the tax certificates as contemplated by the statute and, therefore, that it was not entitled to maintain suit on the theory that because of irregularities or invalidity of the tax rolls it was entitled to recover the amounts paid for the certificates and for the omitted taxes but, on the contrary, that it merely acknowledged and paid a debt to protect the title of the grantees.

Concluding thus, there is no need to discuss the parts of the pleading giving the details of the tax procedure alleged to establish its invalidity.

The chancellor was correct in entering the order of dismissal and his action is—

Affirmed.

BROWN, C. J., TERRELL, and CHAPMAN, JJ., concur.